Laura Fleming, Bar No. 219287
lf@paynefears.com
Alejandro G. Ruiz, Bar No. 271999
agr@paynefears.com
Connor L. Kridle, Bar No. 345476
clk@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant
ABM Industry Groups, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Virginia Arredondo-Macias, an individual and class representative on behalf of herself and all other similarly situated non-exempt former and current employees,<br><br>Plaintiffs,<br><br>v.<br><br>SBM Site Services, LLC, a Oregon Corporation; ABM Industry Groups, LLC, a Delaware Corporation; and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:23-CV-03599<br><br>[Removed from Los Angeles Superior Court, Case No. 23STCV05624]<br><br>**DEFENDANT ABM INDUSTRY GROUPS, LLC'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 and 1441, and 29 U.S.C. § 185(a)**<br><br>[Filed Concurrently with Supporting Declarations of Rashida Green and Alejandro G. Ruiz; Request for Judicial Notice, and Supporting Exhibits] |

DEFENDANT ABM INDUSTRY GROUPS, LLC'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 and 1441, and 29 U.S.C. § 185(a)

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF VIRGINIA ARREDONDO-MACIAS AND HER COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE,** pursuant to 28 U.S.C. §§ 1331 and 1441, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), Defendant ABM INDUSTRY GROUPS, LLC ("ABM" or "Defendant") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the following grounds:

## I.   INTRODUCTION

1.   This Court has jurisdiction over this action because this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441, and pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("Section 301"), because Plaintiff has filed an action that requires the interpretation and application of the terms of a collective-bargaining agreement ("CBA") governing a vast majority of the claims being asserted.

## II.   THE STATE COURT ACTION

2.   On or about March 14, 2023, Plaintiff Virginia Arredondo-Macias ("Plaintiff"), filed an action entitled, "*Virginia Arredondo-Macias, an individual and class representative on behalf of herself and all other similarly situated non-exempt former and current employees, vs. SBM Site Services, LLC, a [sic.] Oregon Corporation; ABM Industry Groups, LLC, a Delaware Corporation; and Does 1 through 100, inclusive*" in the Superior Court of the County of Los Angeles, Case No. 223STCV05624 (the "State Court Action"). (***See* Declaration of Alejandro G. Ruiz ("Ruiz Decl.") at ¶ 2, Ex. A, attached thereto and filed under separate cover concurrently herewith.)

3. Plaintiff did not file, with the Superior Court of the County of Los Angeles, a proof of service of the Summons and Complaint on ABM. **(See Ruiz Decl., ¶ 3.)**

4. In her Complaint, Plaintiff brings eight claims: (1) Failure to Provide Required Meal Periods; (2) Failure to Provide Required Rest Periods; (3) Failure to Pay Overtime Wages; (4) Failure to Maintain Required Records; (5) Waiting Time Penalties; (6) Failure to Furnish Accurate Itemized Statements; (7) Unfair and Unlawful Business Practices; (8) Private Attorneys General Act.

5. On or about May 10, 2023, ABM filed and served an Answer to Plaintiff's Complaint in the State Court Action. (**See Ruiz Decl. at ¶ 4, Ex. B.)**

## III. FEDERAL QUESTION JURISDICTION EXISTS UNDER SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT, 29 U.S.C. § 185(a)

### A. Plaintiff's Wage and Hour Claims Are Governed By A Collective-Bargaining Agreement

6. Plaintiff was hired by CROWN BUILDING MAINTENANCE CO. d/b/a ABLE SERVICES, ("ABLE"), in October 2021 as a non-exempt, hourly janitorial "day-porter" cleaner. Plaintiff was hired by ABLE when ABLE took over the contract from Defendant SBM SITE SERVICES, LLC ("SBM"), at Plaintiff's facility, the Google Complex located at 56082-75 E. Trimble Road in San Jose, California. (**See Declaration of Rashida Green ("Green Decl."), ¶¶ 1-6, filed under separate cover concurrently herewith.)**

7. Plaintiff remains employed by ABLE, a wholy-owned, independent subsidiary of ABM INDUSTRIES, INC. ABM INDUSTRIES, INC. is also the parent company of Defendant ABM. Defendant ABM is a separate and independent legal entity from ABLE, and was never Plaintiff's employer. **(See Green Decl., ¶ 6.)**

8. Many janitorial cleaner employees in Northern California that work for ABLE (including Plaintiff), or other employers including Defendants ABM and SBM, are members of SEIU, United Service Workers-West (the "Union"). Throughout the relevant time period set forth in the Complaint, Plaintiff was (and still is), a Union member subject to a master services collective bargaining agreement between the Union and ABLE, Defendant SBM, and Defendant ABM, among other employers. This master services collective bargaining agreement is entitled "Northern California Maintenance Contractors Agreement with SEIU USWW, United Service Workers-West, SEIU," effective May 1, 2020, through April 30, 2024 (the "CBA"). (*See* **Green Decl., ¶ 7-8, Ex. A;** *see also* **ABM's Request for Judicial Notice, ¶ 1, Ex. A, both filed under separate cover concurrently herewith.**)[1]

9. This action arises under the laws of the United States, and ABM is authorized to remove this action to this Court pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("Section 301"), because Plaintiff has filed an action that requires the interpretation and application of the collective-bargaining agreement governing Plaintiff's employment.

---

[1] A court may take judicial notice of a fact that is not reasonably disputed if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). CBAs are considered proper material for judicial notice. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1193-94 (C.D. Cal. 2015); *Alcala v. Republic Bag, Inc.*, No. EDCV 18-272 JGB (SHKx), 2018 WL 1633588, at *1, n.2 (C.D. Cal. Apr. 3, 2018) (granting a request for judicial notice of a CBA in considering a motion to remand, which addressed § 301 preemption); *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1187 (E.D. Cal. 2016) (granting a request for judicial notice of three CBAs brought in conjunction with a motion to dismiss but then also relying upon the CBAs in simultaneously addressing a motion to remand, which addressed § 301 preemption); *Frieri v. Sysco Corp.,* No. 16-CV-1432 JLS (NLS), 2016 WL 7188282, at *2 (S.D. Cal., Dec. 12, 2016).

10. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Any such action may be removed to the District Court if it is originally filed in a state court. 28 U.S.C. § 1441(a).

11. It is well-established that Section 301 preempts and replaces all state-law causes of action that require the court to interpret or apply the provisions of a collective-bargaining agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *Moreau v. San Diego Transit Corp.*, 210 Cal. App. 3d 614, 622 (1989); *see* 29 U.S.C. § 185(a).[2] "The preemptive force of Section 301 is so powerful that it displaces entirely . . . any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988). Accordingly, "claims that implicate a collective-bargaining agreement must be construed as a § 301 claim and adjudicated under federal labor law or be dismissed as preempted." *Schlacter-Jones v. Gen. Tel. of California*, 936 F.2d 435, 439 (9th Cir. 1991) *abrogated on other grounds by Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001).

12. As explained in *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904 (9th Cir. 2018) (*en banc*), federal preemption under § 301 "is an essential component of federal labor policy" for three reasons. *Alaska Airlines, Inc.*, 898 F.3d at 917-918. First, "a collective-bargaining agreement is more than just a contract; it is an effort to erect a system of industrial self-government." *Id.* at 918 (internal quotation marks and citations omitted). Thus, a CBA is part of the "continuous collective bargaining process." *United Steelworkers v. Enter. Wheel & Car Corp. (Steelworkers III)*, 363 U.S. 593, 596 (1960). Second, because the CBA is designed

---

[2] Section 301(a) provides: "Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

to govern the entire employment relationship, including disputes which the drafters may not have anticipated, it "calls into being a new common law—the common law of a particular industry or of a particular plant." *United Steelworkers v. Warrior & Gulf Navigation Co. (Steelworkers II)*, 363 U.S. 574, 579 (1960). Accordingly, the labor arbitrator is usually the appropriate adjudicator for CBA disputes because he was chosen due to the "parties' confidence in his knowledge of the common law of the shop and their trust in his personal judgment to bring to bear considerations which are not expressed in the contract as criteria for judgment." *Id.* at 582. Third, grievance and arbitration procedures "provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process." *Alaska Airlines*, 898 F.3d at 918 (internal quotation marks and citations omitted).

13. Both federal and California courts have recognized that Section 301 serves the compelling purpose of avoiding inconsistencies in the interpretation of labor contracts: "In order to achieve uniformity in the interpretation of such agreements and consistent resolution of labor-management disputes, federal law governs such suits whether brought in state or federal court. *In order to assure this uniformity, the preemptive strength of Section 301 is extraordinarily strong.*" *Moreau*, 210 Cal. App. 3d at 622 (emphasis added); *Curtis v Irwin Indus., Inc.*, 913 F. 3d 1146, 1151-54 (9th Cir, 2019) ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"); *Schlacter-Jones*, 936 F.2d at 439 ("[N]ational labor policy requires that the collective bargaining relationship be defined by the application of an evolving uniform federal law"). Accordingly, Plaintiff's state law claims are necessarily preempted if their adjudication would require this Court (or the trier of fact) to interpret the provisions of the CBA. *See Aguilera v. Pirelli Armstrong Tire*

-6-

DEFENDANT ABM INDUSTRY GROUPS, LLC'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 and 1441, and 29 U.S.C. § 185(a)

*Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000) ("Section 301 of the LMRA preempts state law claims that are based directly on rights created by a collective-bargaining agreement, and also preempts claims that are substantially dependent on an interpretation of a collective-bargaining agreement."); *Audette v. Int'l Longshoreman's & Warehousemen's Union*, 195 F.3d 1107, 1112 (9th Cir. 1999) ("where the position in dispute is 'covered by the CBA, the CBA controls and any claims seeking to enforce the terms of [an agreement] are preempted.'").

14. The Ninth Circuit has articulated a two-part test used to determine whether a cause of action is preempted by Section 301. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Id.* at 1059. If the right exists solely as a result of the CBA, then the claim is preempted, and the court's analysis ends. *Id.* If, however, the right exists independently of the CBA, the court must still consider whether resolving the dispute is nevertheless "substantially dependent on analysis of a collective-bargaining agreement." *Id.* If such dependence exists, then the claim is preempted by Section 301. *Id.* at 1060.

15. Under the Ninth Circuit rule, Plaintiff's state law wage and hour claims, as well as Plaintiff's recordkeeping and wage statement claims, are necessarily preempted because their adjudication would require this Court (or the trier of fact) to interpret the provisions of the CBA. *See Aguilera*, 223 F.3d at 1014 ("Section 301 of the LMRA preempts state law . . . claims that are substantially dependent on an interpretation of a collective-bargaining agreement").

16. For example, the CBA at issue contains express provisions for meal and rest periods, provisions for the keeping of accurate records, and specific provisions covering payment of wages and overtime for union janitorial workers in the Bay Area. (*See* **Exhibit A to Green Decl., at ¶10; CBA, Article VIII (8.3)-(8.6), (8.9), XVI, Appx. G-2 (1).**) Such claims are therefore subject to federal

DEFENDANT ABM INDUSTRY GROUPS, LLC'S PETITION AND NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. §§ 1331 and 1441, and 29 U.S.C. § 185(a)

Section 301 preemption. *Braswell v. AHMC San Gabriel Valley Med. Center LP*, No. CV 21-09959 MWF (AGR), 2022 WL 707206, *2 (C.D. Cal. Mar. 8, 2022) (denying remand upon determining that federal jurisdiction existed over Cal. Labor Code claims based on Section 301 preemption); *Chatman v. WeDriveU, Inc.*, No. 3:22-cv-04849-WHO, 2022 WL 15654244, *6-11 (N.D. Cal. Oct. 28, 2022) (finding Section 301 preemption and federal question jurisdiction over California Labor Code overtime and meal break claims); *Blackwell v. Com. Refrigeration Specialists, Inc.*, No. 2:20-cv-01968-KJM-CKD, 2021 WL 2634501, *4-5 (E.D. Cal. June 25, 2021) (same).

17. More importantly, where, as here, the CBA contains specific and explicit grievance and arbitration procedures that contain "clear and unmistakable" language requiring arbitration of specified claims, as well as the waiver of a plaintiff's right to pursue such claims in a judicial forum, Section 301 is implicated and provides a basis for federal question removal. See *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70-80-81 (1998); *Wilson-Davis v. SSP America, Inc.*, 434 F. Supp. 3d 806, 817 (C.D. Cal. 2020); *Buck v. Cemex, Inc.*, No. 1:13-cv-00701-LJO-MJS, 2013 WL 4648579, *6-7 (E.D. Cal., Aug. 29, 2013) (denying remand and finding that CBA grievance procedures, which explicitly included binding arbitration for employee meal break disputes, resulted in state law claims that were preempted under Section 301).

**B.    The Claims (Labor Code Wage, Hour, PAGA, and Derivative Claim for Unfair Competition) Asserted By Plaintiff Are Covered by Explicit Grievance and Arbitration Provisions In The CBA That Gives Rise to Section 301 Removal and Federal Question Jurisdiction**

18. Article XVII and Appendix G-2 of the CBA establishes a specific and detailed collectively bargained grievance and arbitration "Wage and Hour Protocol" as "***the sole and exclusive method***" of resolving the precise California wage and

-8-

hour claims now being asserted by Plaintiff in this action.  (**Emphasis added; Green Decl., ¶9, Ex. A; CBA at pp. 21-23, 132-137**.)

19. More specifically, Article XVII of the CBA states, in part, that "[a]ny difference between the Employer and the Union involving the meaning or application of the provisions of this Agreement shall constitute a grievance and shall be taken up in the manner set forth in this section." Appendix G-2 entitled "Wage and Hour Protocol," then goes on for five pages, laying out a detailed grievance and arbitration procedure that is to govern "***all claims alleging violations of wage and hour and/or meal and rest period laws***, including but not limited to claims based on the federal Fair Labor Standards Act, California Labor Code, or any similar local law, ordinance, or policy (collectively 'Covered Claims')."  (**Emphasis added; Green Decl., ¶ 10, Ex. A; CBA at pp. 21, 132.**)

20. Appendix G-2 (4) of the CBA contains an enforceable waiver of representative PAGA claims pursuant to Labor Code section 2699.8. This "PAGA Waiver" provision states: "It is mutually agreed that this Agreement prohibits any and all violations of the sections of the California Labor Code that are redressable pursuant to the Labor Code Private Attorneys General Act of 2004 ('PAGA'). Such claims shall be resolved exclusively through the procedures set forth in this Wage and Hour Protocol, and shall not be brought in a court of law or before any administrative agency such as the California Labor Commissioner." (**Green Decl., ¶11, Ex. A; CBA at pp. 136**.)

21. Appendix G-2 also explicitly states that "the parties establish the following system of mediation and arbitration to be ***the sole and exclusive method of resolving all such Covered Claims whenever they arise***."  A detailed ***mandatory and exclusive mediation and arbitration protocol*** is set forth in the CBA that must be adhered to by the employee, including ***binding arbitration*** conducted before the American Arbitration Association ("AAA").  The Wage and Hour Protocol also

-9-
DEFENDANT ABM INDUSTRY GROUPS, LLC'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 and 1441, and 29 U.S.C. § 185(a)

states that it is to be governed under the Federal Arbitration Act ("FAA"). **(Emphasis added; Green Decl., ¶12, Ex. A; CBA at pp. 132-135.)**

22. Plaintiff's Complaint also is therefore preempted by Section 301 because resolution of her claims depends on the agreement in the CBA to follow and exhaust the mediation and arbitration procedures for resolution of alleged state law wage and hour violations, which inherently depends upon an interpretation of the CBA. *See Franchise Tax Bd. v. Constr. Lab. Vacation Trust for S. California*, 463 U.S. 1, 23 (1983) (explaining that Section 301 claims are "purely a creature of federal law"); *Sprewell v. Golden State Warriors*, 231 F.3d 520, 529 (9th Cir. 2000), *opinion withdrawn and superseded on reh'g*, 266 F.3d 979 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (holding that state claims are preempted by Section 301 when they involve an analysis of whether the employer conformed with a collective-bargaining agreement).

## IV. REMOVAL IS TIMELY

23. Pursuant to 28 U.S.C. § 1446(b), this case is being removed within thirty days of the time when ABM first became aware that it was removable. *See* 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

24. In this case, the time for removal started to run on April 13, 2023 —the date Plaintiff served the Complaint on ABM's registered agent for service of process. The served Complaint provided information from which ABM could first ascertain that a State Court Action had commenced, that removal was appropriate, and that the case was one which had become removable.

25. Accordingly, removal of the action within thirty days of ABM being served with the Complaint in the State Court Action is timely.

26.    The United States District Court for the Central District of California is the federal judicial district in which the Los Angeles County Superior Court sits. This action was originally filed in Los Angeles County Superior Court, rendering venue in this federal judicial district and division proper.  28 U.S.C. § 84(a); *see also* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a).

27.    Upon filing the Notice of Removal, ABM will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Los Angeles County Superior Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant ABM Industry Groups, LLC, hereby respectfully removes this action from the Superior Court of California in and for the County of Los Angles to this United States District Court.

DATED:  May 11, 2023

PAYNE & FEARS LLP
Attorneys at Law

By:    */s/ Alejandro G. Ruiz*
      LAURA FLEMING
      ALEJANDRO G. RUIZ
      CONNOR L. KRIDLE

Attorneys for Defendant
ABM Industry Groups, LLC

-11-
DEFENDANT ABM INDUSTRY GROUPS, LLC'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 and 1441, and 29 U.S.C. § 185(a)

# PROOF OF SERVICE

**Virginia Arredondo-Macias, et al. v. SBM Site Services, LLC, et al.**
**Los Angeles Superior Court, Case No. 23STCV05624**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On May 11, 2023, I served true copies of the following document(s) described as **DEFENDANT ABM INDUSTRY GROUPS, LLC'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441, AND 29 U.S.C. § 185(A)** on the interested parties in this action as follows:

| | |
|---|---|
| Shoham J. Solouki<br>Grant Joseph Savoy<br>SOLOUKI \| SAVOY, LLP<br>316 W. 2nd Street, Suite 1200<br>Los Angeles, California 90012<br>shoham@soloukisavoy.com;<br>grant@soloukisavoy.com<br>Telephone: (213) 814-4940<br>Facsimile: (213) 814-2550 | Attorneys for Plaintiff, individually and on behalf of all others similarly situated |
| Annie S. Amaral<br>Bill Warne<br>Downey Brand LLP<br>621 Capitol Mall, 18th Floor<br>Sacramento, CA 95814<br>916.444.1000 Main<br>916.520.5243 Direct<br>916.520.5643 Fax<br>aamaral@downeybrand.com<br>bwarne@downeybrand.com | Attorneys for Defendant<br>SBM Site Services, LLC |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address pdavid@paynefears.com to the persons at the e-mail addresses listed in the Service List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 11, 2023, at Irvine, California.

*/s/ Patricia David*
Patricia David