1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VIRGINIA ARREDONDO-MACIAS, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 23-3599 FMO (AFMx) |
| Plaintiff, | ) ) | **ORDER REMANDING ACTION** |
| v. | ) ) | |
| SBM SITE SERVICES, LLC, et al., | ) ) | |
| Defendants. | ) ) | |

On March 14, 2023, Virginia Arredondo-Marcias ("plaintiff") filed a complaint in the Los Angeles County Superior Court against SBM Site Services, LLC ("SBM") and ABM Industry Groups, LLC ("ABM" or "defendant"). (See Dkt. 1, [ABM's] Petition and Notice of Removal of Civil Act ("NOR") at ¶ 2); (Dkt. 4-1, Declaration of Alejandro G. Ruiz in Support of NOR, Exhibit ("Exh.") A ("Complaint")).  The Complaint asserts eight causes of action under California law: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay overtime wages; (4) failure to maintain records; (5) waiting time penalties; (6) failure to furnish accurate itemized statements; (7) unfair and unlawful business practices; and (8) penalties pursuant to the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698, et seq. (See Dkt. 4-1, Complaint at ¶¶ 14-48).

28

On May 11, 2023, ABM removed the action to this court on grounds of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).  (See Dkt. 1, NOR at ¶ 1).  Having reviewed and considered the pleadings and all the materials submitted by ABM, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

**LEGAL STANDARD**

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court.  See 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]").  "The burden of establishing federal jurisdiction is upon the party seeking removal[.]" Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  As such, any doubts are resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (internal citations omitted).  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

**DISCUSSION**

Defendant contends that "[t]his court has jurisdiction over this action because this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441, and pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a)[.]"  (Dkt. 1, NOR at ¶ 1).  "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health and Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000).  The existence of a federal defense is not enough to justify removal to federal court. See Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint[.]") (emphasis in original).

2

1   The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal

2   question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v.

3   Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar, 482 U.S. at 392,

4   107 S.Ct. at 2429). However, "[t]he jurisdictional doctrine of complete preemption serves as an

5   exception to the well-pleaded complaint rule." Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861

6   (9th Cir. 2003). The complete preemption doctrine "provides that, in some instances, the

7   preemptive force of [federal statutes] is so strong that they completely preempt an area of state

8   law." Id. at 861-62 (internal quotation marks omitted). The "proper inquiry focuses on whether

9   Congress intended the federal cause of action to be exclusive[.]" Beneficial Nat'l. Bank v.

10  Anderson, 539 U.S. 1, 9 n. 5, 123 S.Ct. 2058, 2064 (2003). "[O]nce an area of state law has been

11  completely pre-empted, any claim purportedly based on that pre-empted state law is considered,

12  from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S.

13  at 393, 107 S.Ct. at 2430. Complete preemption "arises only in 'extraordinary' situations." Ansley,

14  340 F.3d at 862.

15  Defendant asserts that the Complaint "arises under the laws of the United States" and

16  removal is warranted pursuant to § 301 of the LMRA because the Complaint "requires the

17  interpretation and application of [a] collective-bargaining agreement [("CBA")] governing Plaintiff's

18  employment." (Dkt. 1, NOR at ¶ 9). Section 301 of the LMRA provides:

19  Suits for violation of contracts between an employer and a labor organization

20  representing employees in an industry affecting commerce as defined in this

21  chapter, or between any such labor organizations, may be brought in any

22  district court of the United States having jurisdiction of the parties, without

23  respect to the amount in controversy or without regard to the citizenship of

24  the parties.

25  29 U.S.C. § 185(a). "The Supreme Court decided early on that in enacting this statute, Congress

26  charged federal courts with a 'mandate . . . to fashion a body of federal common law to be used

27  to address disputes arising out of labor contracts.'" Burnside v. Kiewit Pac. Corp., 491 F.3d 1053,

28

1059 (9th Cir. 2007) (quoting <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 209, 105 S.Ct. 1904, 1910 (1985)) (alteration in original).  "As a result of this broad federal mandate, . . . the preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization."  <u>Id.</u> (internal quotation marks omitted).  Yet, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301."  <u>Kobold v. Good Samaritan Reg'l Med. Ctr.</u>, 832 F.3d 1024, 1032 (9th Cir. 2016) (internal quotation marks omitted).

To determine if a plaintiff's state law claim is preempted by § 301, the court engages in a two-step inquiry.  <u>See Kobold</u>, 832 F.3d at 1032.  First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA.  If the right exists solely as a result of the CBA, then the claim is preempted, and the analysis ends there."  <u>Id.</u> (internal alteration marks omitted).  To make this determination, the court "must focus its inquiry on the <u>legal</u> character of a claim[.]"  <u>Id.</u> at 1033 (internal quotation marks omitted) (emphasis in original).  "A claim brought in state court on the basis of a state-law right that is independent of rights under the collective-bargaining agreement, will not be preempted, even if a grievance arising from precisely the same set of facts could be pursued."  <u>Valles v. Ivy Hill Corp.</u>, 410 F.3d 1071, 1076 (9th Cir. 2005) (internal quotation marks omitted).

Second, "[i]f the court determines that the right underlying the plaintiff's state law claim(s) exists independently of the CBA, it moves to the second step, asking whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement."  <u>Kobold</u>, 832 F.3d at 1032 (internal quotation marks omitted).  This analysis "turns on whether the claim can be resolved by 'looking to' versus interpreting the CBA.  If the latter, the claim is preempted; if the former, it is not."  <u>Id.</u> at 1033 (internal quotation and alteration marks omitted).  "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim."  <u>Cramer v. Consol. Freightways, Inc.</u>, 255 F.3d 683, 691 (9th Cir. 2001).  "[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA."  <u>Id.</u> at 691-92.

1    Defendant does not dispute that plaintiff's claims are all grounded in state law.  (See Dkt.

2    4-1, Complaint at ¶¶ 14-48); (see, generally, Dkt. 1, NOR).  It is well-settled that, if a plaintiff's

3    claims are "plainly based on state law, § 301 preemption is not mandated simply because the

4    defendant refers to the CBA in mounting a defense." Kobold, 832 F.3d at 1033 (internal quotation

5    marks omitted).  Because defendant is essentially relying on a defensive use of the CBA, there

6    is no preemption here.  See id.; see also Burnside, 491 F.3d at 1060 ("[R]eliance on the CBA as

7    an aspect of a defense is not enough to inject[] a federal question into an action that asserts what

8    is plainly a state-law claim.") (internal quotation marks omitted); Humble v. Boeing Co., 305 F.3d

9    1004, 1008 (9th Cir. 2002) ("[D]efensive reliance on the terms of the CBA, mere consultation of

10   the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law

11   claim.").

12   Despite the fact that plaintiff asserts only state law claims, defendant argues that

13   "[p]laintiff's state law wage and hour claims, as well as [p]laintiff's recordkeeping and wage

14   statement claims, are necessarily preempted because their adjudication would require this Court

15   (or the trier of fact) to interpret the provisions of the CBA."  (See Dkt. 1, NOR at ¶ 15).  But

16   defendant fails to present any provisions that are disputed by the parties, or any that are complex

17   enough to require interpretation as opposed to simple application.  (See id. at ¶¶ 16-22).  "When

18   the parties do not dispute the meaning of contract terms, the fact that a CBA will be consulted in

19   the course of state law litigation does not require preemption." Ward v. Circus Circus Casinos,

20   Inc., 473 F.3d 994, 998 (9th Cir. 2007); see Livadas v. Bradshaw, 512 U.S. 107, 125, 114 S.Ct.

21   2068, 2079 (1994) (holding that "the mere need to 'look to' the collective-bargaining agreement

22   . . . is no reason to hold the state-law claim defeated by § 301"); Burnside, 491 F.3d at 1060 ("[W]e

23   know that neither look[ing] to the CBA merely to discern that none of its terms is reasonably in

24   dispute, nor the simple need to refer to [its terms], is enough to warrant preemption.") (internal

25   quotation marks and citations omitted); see, e.g., Acosta v. AJW Const., 2007 WL 4249852, *4

26   (N.D. Cal. 2007) (finding action "not preempted by ERISA" where "claims for unpaid wages

27   accrued during paid time off . . . require little more than cursory consultation with the collective

28   bargaining agreement").

1    For example, defendant asserts that the "CBA at issue contains provisions for meal and rest

2  periods, provisions for the keeping of accurate records, and specific provisions covering payment

3  of wages and overtime for union janitorial workers in the Bay Area. . . .   Such claims are therefore

4  subject to federal Section 301 preemption."  (Dkt. 1, NOR at ¶ 16).  But the mere fact that plaintiff's

5  claims implicate wage and hour provisions in the CBA does not establish that the court would need

6  to interpret provisions of the CBA.  See Ward, 473 F.3d at 998; Livadas, 512 U.S. at 125, 114

7  S.Ct. at 2079; Burnside, 491 F.3d at 1060.

8    Defendant also asserts that the CBA establishes collectively bargained grievance,

9  arbitration, and mediation procedures as well as an "enforceable waiver of representative PAGA

10  claims[.]" (See Dkt. 1, NOR at ¶¶ 17-21).  But defendant fails to establish any relevant aspect of

11  or language in these provisions that would require interpretation by the court.  Indeed, plaintiff's

12  Complaint does not raise a single claim that is based on the CBA's grievance, arbitration, or

13  mediation procedures.  (See, generally, Dkt. 4-1, Complaint); see Humble, 305 F.3d at 1008

14  ("[T]he plaintiff's claim is the touchstone for the preemption analysis[.]") (emphasis added).

15  Defendant's vague and conclusory assertions are no more than an attempt to manufacture

16  preemption by invoking purported CBA disputes unrelated to the resolution of plaintiff's claims as

17  pleaded in the Complaint.  See, e.g., Burnside, 491 F.3d at 1072 (citing examples of employers

18  attempting to manufacture preemption by invoking CBA disputes unrelated to the resolution of the

19  claims at issue).

20    At best, defendant's assertions do no more than establish "a hypothetical connection

21  between the claim and the terms of the CBA[.]"  Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 921

22  (9th Cir. 2018) (en banc) (internal quotation marks omitted).  But a "hypothetical connection

23  between [plaintiff's] claim[s] and the terms of the CBA is not enough to preempt the claim[s][.]"

24  Id. (internal quotation marks omitted).  Defendant's references to the CBA's grievance, arbitration,

25  and mediation procedures, as well as the PAGA waiver, in the NOR, (see Dkt. 1, NOR at ¶¶ 18-

26  21), are simply insufficient to constitute grounds for removal.

27

28

1   In short, defendant has not identified any disputed terms in the CBA or any terms complex

2   enough to require interpretation rather than mere application of the CBA and its provisions.  (See,

3   generally, Dkt. 1, NOR).  As a result, plaintiff's action is not preempted by § 301 of the LMRA.

4                                                    **CONCLUSION**

5       Based on the foregoing, IT IS ORDERED THAT:

6       1.  The above-captioned action shall be **remanded** to the Superior Court of the State of

7   California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28

8   U.S.C. § 1447(c).

9       2.  The Clerk shall send a certified copy of this Order to the state court.

10      3.  Any pending motion is denied as moot.

11  Dated this 5th day of June, 2023.

12

13                                              /s/
                                         Fernando M. Olguin
14                                     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28